UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
EVERETT MCQUEEN                           :
                                          :  CASE NO. 1:06-cv-1003
            Petitioner,                   :
                                          :
vs.                                       :  OPINION & ORDER
                                          :  [Resolving Doc. No. 1, 14.]
DAVID BOBBY, Warden                       :
                                          :
            Respondent.                   :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 24, 2006, Petitioner Everett McQueen filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 1.] With his petition, McQueen sought relief from the judgment and sentence that an Ohio state court imposed following his conviction on 6 counts of rape in violation of O.R.C. § 2907.02(A)(1)(b), 7 counts of gross sexual imposition in violation of O.R.C. § 2907.05, 8 counts of illegal use of a minor in nudity-oriented material in violation of O.R.C. § 2907.323, and 3 counts of rape involving victims that were less than 10 years of age in violation of 2907.02(A)(1)(b). [*Id.*]

In support of the § 2254 petition, McQueen set forth one ground for federal habeas relief: "Petitioner, because he was indigent, was denied the opportunity to appeal his case or to do so effectively as a non-indigent person could have done under the circumstances, due to the denial of state-funded assistance in preparing for appeal in violation of the Equal Protection and Due Process Clauses of the 14th Amendment." [*Id.* at 4.] Respondent Warden David Bobby opposed McQueen's

Case No. 1:06-cv-1003
Gwin, J.

petition. [Doc. 10.]

On November 25, 2008, Magistrate Judge James S. Gallas issued a Report and Recommendation that recommended the Court dismiss the petition without prejudice because Petitioner McQueen failed to exhaust his state court remedies. [Doc. 14.] The Magistrate Judge found that McQueen had "yet to exercise the procedure available to him for a delayed appeal under Ohio R. App. P. 5(A)," [*id.* at 11], after his direct appeal was dismissed. Neither party objected to the Magistrate Judge's Report and Recommendation. The Court **ADOPTS** Magistrate Judge Gallas's Report and Recommendation.

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C). Parties must file any objections to a Report and Recommendation within ten days of service. *Id.* Failure to object within this time waives a party's right to appeal the magistrate judge's recommendation. FED. R. CIV. P. 72(a); *see also Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Absent objection, a district court may adopt the Magistrate's report without review. *See Thomas*, 474 U.S. at 149. Moreover, having conducted its own review of the parties' briefs on the issue, the Court agrees with the conclusions of the Magistrate Judge.

Accordingly, the Court adopts in whole Magistrate Judge Gallas's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court thus **DISMISSES** Petitioner McQueen's § 2254 petition without prejudice. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis

Case No. 1:06-cv-1003
Gwin, J.

exists upon which to issue a certificate of appealability. 28 U.S.C. 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.


Dated: March 24, 2009                  s/ *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE